UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Commercial Metals Company | * | CIVIL ACTION |
| | * | NO. |
| *Plaintiff* | * | SECTION NO. " " |
| versus | * | MAGISTRATE DIV. ( ) |
| Dalian Suntime International Transportation Co., Ltd.; | | |
| Coastal Cargo Company, Inc.; | * | |
| Amoy Sailing Maritime Co., Ltd *in personam*; | | |
| M/V AMOY ACTION *IN REM* | | |
| | * | |
| *Defendants* | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of Commercial Metals Company (hereinafter "Commercial Metals") against the M/V AMOY ACTION, her engines, boilers, etc., *in rem*, and Dalian Suntime International Transportation Co., Ltd.; Coastal Cargo Company, Inc.; and Amoy Sailing Maritime Co., Ltd, *in personam*, in a cause of cargo loss and/or damage, civil and maritime, alleges upon information and belief, as follows:

**FOR A FIRST CAUSE OF ACTION**

1.

At all times pertinent hereto, plaintiff, Commercial Metals, was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of one of the States

of the United States, with its principal place of business in Houston, Texas.

2.

At all times pertinent hereto, the M/V AMOY ACTION was a general ship engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

3.

At all times pertinent hereto, defendant Dalian Suntime International Transportation Co., Ltd. (hereinafter "Dalian Suntime") and Amoy Sailing Maritime Co., Ltd. (hereinafter "Amoy") were and still are foreign corporations or other legal entities duly organized, created and existing pursuant to the laws of some foreign country or countries, owning and/or operating and/or chartering a number of vessels engaged in the common carriage of cargo, including the cargo described hereinbelow, as common carriers on the high seas for hire and were at all times pertinent hereto the owner and/or operator and/or charterer of the M/V AMOY ACTION.

4.

At all times pertinent hereto, defendants Dalian Suntime and Amoy were and still are doing business in this district and within the jurisdiction of this Honorable Court and/or have sufficient contacts with the United States as a whole under Federal Rule of Civil Procedure 4(k)(2) to establish this Honorable Court's jurisdiction over defendants.

5.

On or about October 19, 2012, there was delivered to defendants Dalian Suntime, Amoy, and the M/V AMOY ACTION, at the port of Bayuquan, P.R. China, a cargo of low carbon steel wire rods in coils, in good order and condition, for carriage aboard the M/V AMOY ACTION to the port of New Orleans, Louisiana, all in consideration of an agreed freight and in accordance

with the terms of one or more bills of lading including, but not necessarily limited to bills of lading Nos. DGIAO20AABYQ006/007, which bills of lading were then and there signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of defendants and the M/V AMOY ACTION.  Plaintiff refers to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copes thereof at trial.

6.

Thereafter, defendants loaded the said cargo on board the M/V AMOY ACTION and the said vessel, having said cargo on board, sailed from the above-mentioned port of shipment and subsequently arrived at the port of  New Orleans, where the vessel and defendants discharged said cargo in a damaged condition resulting from the negligence of defendants or those for whom they are responsible and/or from the breach of defendants' obligations under the Carriage of Goods by Sea Act (COGSA) (46 U.S.C. §30701 et seq.) and/or the Harter Act (46 U.S.C. 190 *et seq*.) and/or from the unseaworthiness of the M/V AMOY ACTION.

7.

Prior to the commencement of this action, Commercial Metals became the owner for value of the cargo mentioned above and the covering bills of lading, and accordingly, is entitled to bring this action.  This action is brought on behalf of and for the interest of all parties who may be or may become interested in the cargo herein referred to as their respective interests may ultimately appear.

8.

Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the contract of carriage.

9.

By reason of the premises, plaintiff has sustained a loss in the sum of $132,106.65, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded.

10.

By reason of the premises, plaintiff has a preferred maritime lien against the M/V AMOY ACTION her engines, boilers, etc., for its aforesaid loss in the sum of $132,106.65 with interest thereon and its costs and disbursements, and plaintiff is entitled to be paid by preference and priority from the sale of said vessel.

11.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts.

12.

All and singular the matters aforesaid are true and correct.

**FOR A SECOND CAUSE OF ACTION**

13.

Plaintiff reiterates and re-avers the allegations of Articles 1 through 12 of the First Cause of Action.

14.

Defendant, Coastal Cargo Company, Inc. is a corporation or other legal entity duly organized, created and existing pursuant to the laws of one of the States of the United States, with an office and place of business in Baton Rouge, Louisiana, and was and still is engaged in the business of performing stevedoring services for hire.

15.

At all times pertinent hereto, defendant Coastal Cargo Company, Inc. was and still is doing business in this district and within the jurisdiction of this Honorable Court.

16.

The aforesaid damage to plaintiff's cargo occurred in whole or in part as a result of the fault or neglect of defendant Coastal Cargo Company, Inc. in discharging plaintiff's cargo.

**WHEREFORE**, plaintiff prays:

1. That defendants Dalian Suntime International Transportation Co., Ltd., Amoy Sailing Maritime Co., Ltd., and Coastal Cargo Company, Inc., be served with copies of this Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

2. That the Court will order, adjudge and decree that defendants Dalian Suntime International Transportation Co., Ltd., Amoy Sailing Maritime Co., Ltd., Coastal Cargo Company, Inc., and the M/V AMOY ACTION, pay to plaintiff the losses sustained by it, together with interest thereon and its costs and disbursements;

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully Submitted,

**PUGH, ACCARDO, HAAS RADECKER & CAREY, LLC**

BY:  *s/Christopher E. Carey*
CHRISTOPHER E. CAREY (Bar No. 1751)
ccarey@pugh-law.com
MEGHAN B. SHUMAKER (Bar No. 34088)
mshumaker@pugh-law.com
3200 Energy Centre
110 Poydras Street
New Orleans, La. 70163
(504) 799-4500
*Counsel for Commercial Metals Company*

(SERVICE INSTRUCTIONS:)

PLEASE WITHHOLD <u>IN</u> <u>REM</u> SEIZURE PENDING FURTHER NOTIFICATION FROM COUNSEL FOR PLAINTIFF

12232.3/Pleadings/11262013 MV Amoy Complaint