UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COMMERCIAL METALS CO.**                                                CIVIL ACTION

**VERSUS**                                                                          NO. 13-6525

**DALIAN SUNTIME INT'L TRANSP.**                                  SECTION "K"(2)
**CO., LTD., ET AL.**

## ORDER AND REASONS

Before the Court is a Motion for Sanctions against Dalian Suntime International Transportation Co., Ltd. ("Dalian") which motion was filed by Commercial Metals Company ("CMC") (Doc. 24). CMC seeks the striking of Dalian's Answer, the entry of a default judgment on liability against Dalian, and an award of CMC'S costs and expenses incurred in preparation of this Motion , for Dalian's failure to respond to CMC's discovery request, and for its failure to respond to this Honorable Court's Order of January 21, 2015 as required by that Order.

This cargo case concerns alleged physical damage and salt water rust to a shipment of steel coils shipped in October 2012, from Bayuquan, China to New Orleans, aboard the M/V AMOY ACTION. CMC owns the cargo. CMC filed suit against various parties including Dalian who was the alleged owner and/or operator and/or charterer of the vessel and an alleged carrier of the cargo. After making its initial appearance, Dalian has failed to participate in discovery and has failed to respond to the Court's direct order to do so as explained herein.

The Court held a status conference on January 21, 2015, at which time it learned that Dalian had repeatedly refused to respond to discovery over the course of months–not only as to plaintiffs, but as to its own counsel. Dalian's then counsel informed the Court that he could not obtain Dalian's cooperation in this litigation; indeed, no correspondence had been answered by

Dalian since October of 2014. As a result of this defalcation, the Court allowed counsel for Dalian to withdraw on March 17, 2015. (See Docs. 28 and 29).

After the status conference, the Court ordered Dalian to answer all outstanding discovery no later than March 1, 2015, and informed Dalian that if the discovery requests were not satisfied, plaintiff would be allowed to proceed pursuant to Fed. R. Civ. Proc. 37 and/or 56 to take whatever measures it deemed necessary. On March 5, 2015, the subject motion for sanctions was filed.

Pursuant to Fed. R. Civ. Proc. 37(b)(2)(A)(vi), if a party fails to obey an order to provide or permit discovery, a court may render a default judgment against the disobedient party. In addition, pursuant to Fed. R. 37(b)(2)(C), the reasonable expenses, including the attorney's fees caused by Dalian's failure to respond are authorized. As stated in *Barlow v. Realty Income Properties 17, LLC*, 2014 WL 1514164, *1 (E.D.La. 2014):

> The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir. 1990). This discretion, however, is limited. "[U]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b) striking pleadings or dismissal of a case.'" *Smith* [*v. & Fuller, P.A. v. Cooper Tire & Rubber Co.*] 685 F.3d [486,] at 488.

*Id.*

The United States Court of Appeals for the Fifth Circuit has noted that a district court has this power to strike pleadings of and enter a default judgment against a party that fails to comply with a discovery order. *United States for Use of M-Co. Const., Inc. v. Shipco General, Inc.* 814 F.2d 1011, 1013 (5th Cir. 1987). The court relying on *Batson v. Neal Spelce Assoc., In.* 765 F.2d 511, 516 (1985) outlined four factors a court should consider before granting a default judgment: "(1) whether the violation was willful or in bad faith rather than simply due to inability to

comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b)(3), whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney." *Id.* Moreover, a court must expressly consider the effectiveness of less severe sanctions.

    In this instance, it is clear that the violations are willful and in bad faith since it is the litigant's failure to respond to his own counsel that has caused this situation to arise; it is impossible to answer discovery when a client will not provide information. Moreover, the Answer filed by Dalian is a two-line, general denial with a reservation of rights. Dalian has never filed any specific defenses or offered any reason why it should not be required to litigate in this Court. Given the opportunity this Court gave Dalian to respond with its January order and the fact that it has still failed to respond, no less drastic sanction would have the necessary effect. Clearly, Dalian has demonstrated that it has no intention of participating in this litigation and any less drastic sanction will simply impede the process of resolution for plaintiff. This case has been pending since November of 2013, more than one and a half years; Dalian has been given ample opportunity to participate. Instead, it has chosen to willfully and in bad faith ignore this Court's inherent power. It has impeded plaintiff's ability to be made whole. Finally, Dalian hired a responsible attorney; it simply refused to communicate with him. Indeed, Dalian stopped funding its defense which resulted in this Court's allowing Dalian's counsel to withdraw. As such, the Court finds merit in this motion.

In addition, considering the defalcations of Dalian and the time and expense required for CMC to file this motion, the Court finds that an award of costs as contemplated under Fed. R. Civ. Proc. 37(b)(2)(C) is supported.  Accordingly,

**IT IS ORDERED** that Commercial Metals Company's Motion for Sanctions is **GRANTED**.

**IT IS FURTHER ORDERED** that Dalian Suntime International Transportation Co., Ltd.'s Answer is hereby **STRICKEN** from the record and that an entry of default judgments on liability shall be entered against Dalian Suntime International Transportation Co., Ltd. and

**IT IS FURTHER ORDERED** that an award of Commercial Metals Company's costs and expenses incurred in the preparation of this Motion for Dalian's failure to respond to CMC's discovery request and for failure to respond to this Court's Order of January 21, 2015 be awarded to Commercial Metals Company.

New Orleans, Louisiana, this 18th day of June, 2015.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**